# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1559V

|  |  |
|---|---|
| LASHAWN L. LONG,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: January 31, 2024 |

*Scott B. Taylor, Urban & Taylor, SC, Milwaukee, WI, for Petitioner.*

*Jennifer A. Shah, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 20, 2022, Lashawn L. Long filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – a shoulder injury related to vaccine administration ("SIRVA"), as a result of his receipt of an influenza ("flu") vaccination on October 13, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 17, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 5, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,500.00 (representing pain and suffering). Proffer at 1. In the Proffer, Respondent represented

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $62,500.00 (representing pain and suffering), in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

LASHAWN L. LONG,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 22-1559V
Chief Special Master Corcoran
SPU

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 20, 2022, Lashawn L. Long ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to –34, as amended ("Vaccine Act" or "Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza vaccination administered on October 13, 2021. Petition at 1.

On November 16, 2023, respondent filed his Vaccine Rule 4(c) report, recommending that compensation be awarded. ECF No. 18. On November 18, 2023, this Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 20.

## I.    Items of Compensation

Respondent proffers that petitioner should be awarded **$62,500.00**, consisting entirely of compensation for pain and suffering. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of **$62,500.00**, representing compensation for all elements of economic and noneconomic damages, in the form of a check payable to petitioner, Lashawn L. Long.

## III.     Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, Lashawn L. Long:     **$62,500.00**.

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

*s/ Jennifer A. Shah*
Jennifer A. Shah
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 305-2181
Jennifer.shah@usdoj.gov

Dated:  January 5, 2024